**KELLEY DRYE & WARREN LLP**
  Tahir L. Boykins (State Bar No. 323441)
1800 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone:  (310) 712-6100
Facsimile:   (310) 712-6199
tboykins@kelleydrye.com

**KELLEY DRYE & WARREN LLP**
  Geoffrey W. Castello  (*Pro Hac Vice* Forthcoming)
One Jefferson Road
Parsippany, NJ 07054
Telephone:  (973) 503-5900
Facsimile:   (973) 503-5950
gcastello@kelleydrye.com

Attorneys for Defendant Defenders, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>  Plaintiff,<br><br>v.<br><br>DEFENDERS, INC., an Indiana Corporation; and Does 1-10,<br><br>  Defendants. | Case No. '20CV2405 H    WVG<br><br>**DEFENDANT DEFENDERS, INC.'S NOTICE OF REMOVAL**<br><br>Action Filed:  October 28, 2020<br>Trial Date:    None Set |

NOTICE OF REMOVAL

# NOTICE OF REMOVAL

Defendant The Defenders, Inc. ("Defendant") respectfully files this Notice of Removal pursuant to 28 U.S.C. § 1441(a), removing the above-captioned action (the "Action") from the Superior Court of the County of San Diego (the "San Diego Superior Court") to the United States District Court for the Southern District of California, on the following grounds:

## I.   INTRODUCTION

1. This Action was commenced by plaintiff Chris Langer ("Plaintiff") on October 28, 2020, by the filing of the Complaint for Injunctive Relief and Damages (the "Complaint") in *Chris Langer v. The Defenders, Inc., et al.*, Case No. 37-2020-00039151-CU-CR-CTL in the San Diego Superior Court. True and correct copies of the Complaint, the Summons, and Civil Coversheet, and all pleadings or orders served upon Defendants, are attached to this Notice of Removal as "Exhibit A," as required by 28 U.S.C. § 1446(a).

2. The Complaint alleges that Defendant violated The Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq*. (the "ADA"). Compl., Count I. The Complaint also alleges that Defendant violated The Unruh Civil Rights Act, Cal. Civ. Code § 51-53. Compl., Count II.

3. Defendant was served with the Complaint on November 9, 2020.

4. Promptly after filing this Notice of Removal, Defendants will give written notice of the removal to Plaintiff through her attorneys of record in the Action, as well as to the Clerk of the San Diego Superior Court, as required by 28 U.S.C. § 1446(d).

5. The Action properly may be removed to the United States District Court for the Southern District of California based upon the presence of a federal question pursuant to 28 U.S.C. § 1331.

6. No admission of fact, law, liability, or damages is intended by this

Notice of Removal, and all defenses, affirmative defenses, objections, and motions hereby are reserved.  Defendant does not waive, and expressly reserves, all rights to challenge the propriety of the Complaint under the applicable rules.

## II.   THE NOTICE OF REMOVAL IS TIMELY.

7.   In accordance with 28 U.S.C. § 1446(b), Defendants are timely filing this Notice of Removal within the 30-day from service removal period.  The "thirty-day period . . . does not begin to run . . . until the defendant has been properly served under state law, or has agreed to waive service of process."  *Borchers v. Standard Fire Ins. Co.*, No. C-10-1706 MMC, 2010 WL 2608291, at *2 (N.D. Cal. June 25, 2010).  Plaintiff served Defendant on November 9, 2020.

## III.   THIS COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFF'S FEDERAL QUESTION PURSUANT TO § 1331.

8.   Federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

9.   This Court has original jurisdiction over the Action because Plaintiff's claims arise under the ADA, a federal statute.  While "federal and state courts have concurrent jurisdiction over private suits arising under the [relevant federal statute], *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012), "[n]othing in the text, structure, purpose, or legislative history of the [relevant federal statute] calls for displacement of the federal question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. § 1331," *id.* at 753.

10.   Accordingly, removal of this action is proper on the sole basis that, pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over Plaintiff's claims.

### IV. CONCLUSION

11. WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the San Diego Superior Court.

DATED: December 9. 2020

KELLEY DRYE & WARREN LLP
Tahir L. Boykins

By: /s/ Tahir L. Boykins
Tahir L. Boykins
Attorneys for Defendant
The Defenders, Inc.