# ATTACHMENT 1
# Langer Complaint

| | SUM-100 |
|---|---|

## SUMMONS
### (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO:)
**Defenders, Inc., an Indiana Corporation;**
and Does 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTA DEMANDANDO EL DEMANDANTE:)

**Chris Langer**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/28/2020** at 09:24:21 AM

Clerk of the Superior Court
By Marc David, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDER DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 dias, la corte puede decidir en su contra sin escuchar su version. Lea la information a continuacion.

Tiene 30 DIAS DE CALENDARIO despues de que le entrguan esta citacion y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entrgue una copia al demandante. Una carta o una llamada telefonica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y mas informacion en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le queda mas cerca. Si no puede pagar la cuota de presentacion, pida al secretario de la corte que le de un formulario de exencion de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podra quitar su sueldo, dinero y bienes sin mas advertencia.

Hay otros requisitos legales. Es recommendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remission a abogados. Si no puede pagar a un abogado, es possible que cumpla con los requisitos para obtener servivios legals gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp.espanol/) o poniendose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperacion de $10,000 o mas de valor recibida mediante un acuerdo o una concesion de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | CASE NUMBER:<br>(Numero del Caso:) 37-2020-00039161-CU-CR-CTL |
|---|---|

The name and address of the court is: San Diego Central Courthouse
(El nombre y direccion de la corte es:)
1100 Union St
San Diego, CA 92101
San Diego Central Courthouse

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la direccion y el numero del telefono del abogado del demandante, o del demandante que no tine abogado, es):
Russell Handy., Center for Disability Access, 8033 Linda Vista Road, Suite 200 San Diego, CA 92111
(858) 375-7385

DATE: 10/29/2020                  Clerk, by _____ M. David , Deputy
(Fecha)                           (Secretario)                                    (Adjunto)

(For Proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010).)

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):
under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ Other (specify):
4. ☐ by personal delivery on (date):

[Seal]

Page 1 of 1

Form Adopted for Mandatory Use          **SUMMONS**          Code of Civil Procedure §§ 412.20, 465
Judicial Council of California                                    www.courtinfo.ca.gov
SUM-100 [Rev. July 1, 2009]

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**10/28/2020** at 09:24:21 AM
Clerk of the Superior Court
By Marc David, Deputy Clerk

CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| **Chris Langer,** | **Case No.** 37-2020-00039151-CU-CR-CTL |
| Plaintiff, | |
| | **UNLIMITED CIVIL CASE** |
| **v.** | |
| | **Complaint for Injunctive Relief and Damages For Violations Of:** Americans with Disabilities Act; Unruh Civil Rights Act |
| **Defenders, Inc.,** an Indiana Corporation; and Does 1-10, | |
| Defendants, | |

Plaintiff Chris Langer ("Plaintiff") complains of Defenders, Inc., an Indiana Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

1

Complaint

**PARTIES:**

1.   Plaintiff is a disabled individual and a member of a protected class of persons under the Americans with Disabilities Act. Plaintiff suffers from Delayed Endolymphatic Hydrops (DEH) which has caused permanent partial hearing loss. He utilizes a variety of assistive listening devices in his day to day life, including hearing aids and headphones to compensate, though this still does not enable him to receive complete aural communication. When consuming audio content such as movies or tutorials on the internet he turns on closed captioning in order to comprehend all of the content.

2.   Defendant Defenders, Inc., ("Defenders") owned or operated Protect Your Home located throughout California, including stores in San Diego County, in October 2020.

3.   Defendant Defenders, Inc., owns and operates Protect Your Home located throughout California, including stores in San Diego County currently.

4.   Defendant Defenders, Inc., owned or operated the Protect Your Home website, with a root domain of: protectyourhome.com, and all related domains, sub-domains and/or content contained within it, ("Website") in October 2020.

5.   Defendant Defenders, Inc., owns or operates the Website currently.

6.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10,

2

Complaint

1     inclusive, are ascertained.

2

3     **JURISDICTION:**

4     7.   This Court has subject matter jurisdiction over this action as a court of

5     general jurisdiction. This Court has personal jurisdiction over Defendants

6     because they conduct substantial business in the State of California, County of

7     San Diego, and Defendant's offending Website is available throughout

8     California.

9     8.   Venue it proper in this Court because Defendant conducts business in

10     this County.

11     9.   Unlimited jurisdiction is proper because Plaintiff seeks a permanent

12     injunction ordering compliance with the Americans with Disabilities Act.

13

14     **FACTUAL ALLEGATIONS:**

15     10. Plaintiff suffers from hearing loss and is a member of a protected class

16     under the ADA.

17     11. Plaintiff relies on subtitles and closed captioning to hear audio in

18     recorded content.

19     12. Defenders operates "brick and mortar" facilities throughout California,

20     open to the public, places of public accommodation, and business

21     establishments.

22     13. Defenders offers videos on its Website to induce customers to purchase

23     its goods and to provide ideas on how to best use them. Websites and videos

24     are some of the facilities, privileges, or advantages offered by Defendants to

25     patrons of Defenders.

26     14. Plaintiff was a prospective customer who wished to access Defendant's

27     goods and services.

28     15. Plaintiff visited the Website in October 2020 to confirm the business

3

Complaint

was

open, review any policies regarding customer safety, and look for information about the company and its products.

16. When Plaintiff attempted to view video content on the Website, he discovered that the videos lacked closed captioning, which made him unable to fully understand and consume the contents of the videos.

17. Plaintiff experienced difficulty and discomfort in attempting to view videos including: "Why Choose an ADT®-Monitored Home Security System Over Competitors". As a result of this inaccessibility he was deterred from further use of the Website.

18. Currently, the Defendants either fail to provide an accessible website or Defendants have failed to maintain in working and useable conditions those website features required to provide ready access to persons with disabilities.

19. Despite multiple attempts to access the Website using Plaintiff's computer, Plaintiff has been denied the full use and enjoyment of the facilities, goods and services offered by Defendants as a result of the accessibility barriers.

20. Plaintiff personally encountered accessibility barriers and has actual knowledge of them.

21. By failing to provide an accessible website, the defendants denied Plaintiff full and equal access to the facilities privileges or advantages offered to their customers.

22. Plaintiff has been deterred from returning to the website as a result of these prior experiences.

23. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

24. If the Website had been constructed equally accessible to all individuals, Plaintiff would have been able to navigate the website and avail himself of its

Complaint

1    goods and/or services.

2    25. Additionally, Plaintiff is a tester in this litigation and seeks future
3    compliance with all federal and state laws. Plaintiff will return to the Website
4    to avail himself of its goods and/or services and to determine compliance with
5    the disability access laws once it is represented to him that the Defenders and
6    Website are accessible.

7    26. Plaintiff is currently deterred from doing so because of Plaintiff's
8    knowledge of the existing barriers and uncertainty about the existence of yet
9    other barriers on the Website. If the barriers are not removed, Plaintiff will
10    face unlawful and discriminatory barriers again.

11    27. The barriers identified above violate easily accessible, well-established
12    industry standard guidelines for making digital content accessible to people
13    with hearing-impairments to access websites. Given the prevalence of
14    websites that have implemented these standards and created accessible digital
15    content, it is readily achievable to construct an accessible website without
16    undue burden on Defenders or a fundamental alteration of the purpose of the
17    Website.

18    28. Compliance with W3C Web Content Accessibility Guidelines
19    ("WCAG") 2.1 AA standards are a viable remedy for these deficiencies and a
20    standard that has been adopted by California courts for website accessibility.

21    29. It's been established that failure to remove inaccessible website
22    conditions violates the ADA and California law and requiring compliance with
23    industry access standards is a remedy available to the plaintiff.

24    30. The website content was intentionally designed, and based on
25    information and belief, it is the Defendants', policy and practice to deny
26    Plaintiff access to the website, and as a result, deny the goods and services that
27    are otherwise available to patrons of Defenders.

28    31. Due to the failure to construct and operate the website in line with

5

Complaint

industry standards, Plaintiff has been denied equal access to Defendant's stores and the various goods, services, privileges, opportunities and benefits offered to the public by Defenders.

32. Closed captioning can be provided at little cost, sometimes free or mere dollars per minute of video content.

33. Closed captioning is supported by numerous third party hosting companies, including the one chosen by Defendants, and can be provided at little cost, sometimes free or mere dollars per minute of video content.

34. Given the nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the Website that relate to his disability. In addition to the barriers he personally encountered, Plaintiff intends to seek removal of all barriers on the Website that relate to his disability. See *Doran v. 7-Eleven* (9th Cir. 2008) 524 F.3d 1034 (holding that once a plaintiff encounters one barrier, they can sue to have all barriers that relate to their disability removed regardless of whether they personally encountered the barrier).

35. Plaintiff will amend the complaint, to provide further notice regarding the scope of the additional demanded remediation in the event additional barriers are uncovered through discovery. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

1. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. Defendant is a public accommodation with the definition of Title III of the ADA, 42 USC § 12181

6

Complaint

2.   The website provided by the Defendant is a service, privilege or advantage of Defenders' brick and mortar facility.

3.   When a business provides services such as a website, it must provide an accessible website.

4.   Here, access to an accessible website has not been provided. A failure to provide an accessible website is unlawful discrimination against persons with disabilities.

5.   Here, access to an accessible website has not been provided. A failure to provide an accessible website is unlawful discrimination against persons with disabilities.

6.   Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. *See*: 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows: "A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii)."

7.   Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

8.   Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

7

Complaint

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

1.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

2.   The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  *Cal. Civ. Code* § 51(f).

3.   Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

4.   Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. *Cal. Civ. Code* § 55.56(a)-(c).

5.   Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

**PRAYER:**

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. A Declaratory Judgment that at the commencement of this action Defendants were in violation of the requirements of the ADA due to

8

Complaint

Defendants' failures to take action to ensure that its websites were fully accessible to and independently usable by hearing-impaired individuals, including providing closed-captioning on all video content containing audio elements.

2. Pursuant to 42 U.S.C § 12181, a preliminary and permanent injunction enjoining Defendants from violating the ADA with respect to its website.

3. Damages under the Unruh Civil Rights Act § 51[1], which provides for actual damages and a statutory minimum of $4,000 for each offense.

4. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and *Cal. Civ. Code* § 52.

Dated: October 27, 2020                    CENTER FOR DISABILITY ACCESS

By: _____

Russell Handy, Esq.
Attorney for Plaintiff

---

[1] Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

9

Complaint

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Russell Handy, Esq., SBN 195058<br>Center for Disability Access<br>Mail: 8033 Linda Vista Road, Suite 200 San Diego, CA 92111<br>Delivery: 8033 Linda Vista Road, Suite 200 San Diego, CA 92111<br>TELEPHONE NO.: (858) 375-7385   FAX NO.: (888) 422-5191<br>ATTORNEY FOR *(Name):* Plaintiff,  Chris Langer | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**10/28/2020** at 09:24:21 AM<br>Clerk of the Superior Court<br>By Marc David, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 1100 Union St
MAILING ADDRESS: 1100 Union St
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: San Diego Central Courthouse.

CASE NAME:
Langer v. Defenders, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2020-00039151-CU-CR-CTL |
| | | | | JUDGE: Judge Gregory W Pollack<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☑ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel       e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence       f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 2: Americans with Disabilities Act, Unruh Civil Rights Act
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/27/2020
Russel Handy, Esq.
_____                                      _____
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:     330 W Broadway | |
| MAILING ADDRESS:     330 W Broadway | |
| CITY AND ZIP CODE:   San Diego, CA 92101-3827 | |
| BRANCH NAME:        Central | |
| TELEPHONE NUMBER:  (619) 450-7071 | |

| PLAINTIFF(S) / PETITIONER(S):     Chris Langer |
|---|

| DEFENDANT(S) / RESPONDENT(S):  Defenders Inc |
|---|

| LANGER VS DEFENDERS INC [IMAGED] |
|---|

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>37-2020-00039151-CU-CR-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Gregory W Pollack                                      Department: C-71

## COMPLAINT/PETITION FILED: 10/28/2020

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 04/16/2021 | 01:30 pm | C-71 | Gregory W Pollack |

Due to the COVID-19 pandemic, all hearings will be conducted remotely until further notice. Absent an order of the court, personal appearances at the hearing will not be allowed. For information on arranging telephonic or video appearances, contact CourtCall at (888)882-6878, or at www.courtcall.com. Please make arrangements with CourtCall as soon as possible.

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

Department 71 Policies and Procedures - Honorable Gregory W. Pollack
Central - Hall of Justice
Rev. October 16, 2017

- **Judge:** Gregory W. Pollack

- **Courtroom Clerk:** Terry Ray (619) 450-7071

- **Independent Calendar Clerk:** Ernestina Castaneda (619) 450-7325

- **Courtroom Bailiff:** Lynn Wilkes (619) 450-7336

- **Trials:** Mon. – Thurs., 9:00 a.m. – 12:00 p.m. and 1:15 p.m. – 4:00 p.m., with a mid-morning break at 10:30 a.m. - 10:45 a.m. and a mid-afternoon break at 2:30 p.m. – 2:45 p.m.

- **Ex parte Hearings:** Mon. – Thurs., 8:15 a.m. – 9:00 a.m., but you must call the Calendar Clerk at (619) 450-7325 for a reservation for a hearing date. Moving papers for the ex parte hearing should be filed by 10:00 a.m. at least one (1) court day before the scheduled hearing. Ex parte hearings are encouraged in order to resolve discovery disputes as an alternative to formal motions, but the court requires that counsel meet and confer prior to any such ex parte hearing so that the disputed issues have been pared down as much as possible by the parties before presentation to the court. Remember: "Compromise is not a sign a weakness."

- **Small Claims/Short Cause Limited Civil Trials:** Fridays at 8:00 a.m.

- **Trial Call:** Fridays at 8:45 a.m.

- **Trial Readiness Conferences:** Fridays at 9:00 a.m.

- **Law & Motion Hearings:** Fridays at 9:30 a.m.

- **Case Management Conferences/Status Conferences:** Fridays at 1:00 p.m.

- **Applications for Good Faith Settlement:** The application for good faith settlement pursuant to the Code of Civil Procedure 877.6(a)(2) and proposed order shall be concurrently filed, after which it will be held the requisite statutory period (20 days plus 5 for mailing). If no motion to contest is filed, the order will be signed and processed after the statutory period has run. Thereafter, the clerk will return conformed copies of the application and signed order. The proposed order should contain the following language:

  *The determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault. CCP §877.6(c).*

- **Guardianships, Publications of Summons and Default Prove-Ups:** Petitions for appointment of a guardian ad litem, applications for an order for publication of summons, and submissions of a default prove-up package may be filed ex parte without the necessity of a court appearance. Thereafter, the papers shall be reviewed by the Court, which may schedule a hearing if deemed necessary. Proposed default judgments claiming punitive damages and/or non-economic damages will usually require a hearing.

- **Sealing Records:** Requests to seal court records must comply with CRC 2.550 and 2.551. Note: "The court must not permit a record to be filed under seal based solely on the agreement or stipulation of the parties." CRC 2.551(a).

<u>**Law & Motion**</u>

1. The Court hears motions by reservation only. Counsel must first reserve a date for the motion by contacting the Calendar clerk at (619) 450-7325.

2. Law & motion hearings are held on Fridays, from 9:30 a.m. to 12 noon.

3. Unless the motion is unopposed, the court ordinarily does not post tentative rulings in advance of oral argument. However, prior to the commencement of oral argument, the Court will announce from the bench its tentative ruling

and reasons therefor so that counsel can appropriately focus their oral arguments.

4. A courtesy copy of any reply brief should be filed directly in Department 71 on the Friday before the Friday hearing, *i.e.,* one week before the hearing.  This will allow the Court time to review the reply brief over the weekend, during which much of the law & motion preparation work is ordinarily performed.  Reply briefs that are electronically filed or in-person with the business office on Friday generally do not make it into the system until the following week.

5. Following oral argument, the Court will issue a formal written ruling.  This minute order will be the final order of the Court, and, accordingly, counsel do not need to submit a proposed order.

6. Please adhere to the page limitations for memoranda of points and authorities set forth within CRC 3.1113(d), *i.e.,* 15 pages for an opening or responding brief (20 pages if motion for summary judgment or summary adjudication) and 10 pages for a reply brief.  Do not try to get around these limitations by using a small font or frequent single-spaced footnotes.  There is often truth to the adage, "More is less."

7. If your case has settled or you have decided to take the motion off calendar, please call the court *immediately* so that the Court does not spend valuable time preparing a ruling that is no longer required.

8. The parties are encouraged to meet and confer before filing demurrers, motions to strike and discovery motions. Please feel free to schedule an ex parte appearance if you feel the matter can resolve with some Court assistance. If you choose this route, be sure to first meet and confer with counsel so that the issues are pared down by the parties as much as possible before presentation to the Court.

9. The Court allows telephonic appearances pursuant to CRC 3.670.

10. However, the Court strongly discourages telephonic appearances on law & motion matters where it is anticipated there will be considerable oral argument.

11. For motions for summary judgment or summary adjudication, the moving party shall deliver to Department 71 one week before the hearing, *i.e.,* the Friday before the Friday hearing, a binder containing the following tabbed documents:

    1. Movant's memorandum of points and authorities;
    2. Movant's supporting declarations, each of which is separately tabbed;
    3. Opposition memorandum of points and authorities;
    4. Opposition declarations, each of which is separately tabbed;
    5. Movant's reply brief; and
    6. The opposition separate statement that responds to movant's separate statement and sets forth other material facts that the opposing party contends are disputed, along with any response thereto by the movant. *See* CCP §437c(b)(3); CRC 3.1350(f).

## Trial Guidelines

1. Be on time. Call the Court Clerk, Terry Ray at (619) 450-7071, if there is any reason why you may be late.

2. Stipulations should be in writing, signed by counsel.

3. No speaking objections. State only the legal ground(s) for your objection.

4. No swearing or foul language unless the attorney or witness is quoting what was, in fact, said.

5. You are not required to obtain permission from the Court to approach the witness or otherwise move within the well. You may place the podium wherever you like. You are not required to stand while addressing the Court.

6. The use of laser pointers is prohibited

7. While arguing legal issues, address remarks to the Court rather than to opposing counsel.

8. Do not show a witness any document that has not already been marked, even if you do not intend to offer it into evidence.

9. Do not publish an exhibit, i.e., show it to the jury, unless the exhibit has already been admitted into evidence.

10. Show all demonstrative evidence you intend to use in opening statement to opposing counsel. If there is an objection, the matter is to be brought to the Court's attention for a ruling prior to the commencement of opening statements.

11. Advise opposing counsel of your anticipated witness schedule (dates and times) as soon as practicable, and, unless the witness is a true impeachment witness, no later than the day before the witness is to testify. The Court will allow a witness to testify out of order if there is a legitimate scheduling conflict. "Down time" is unacceptable; there should be no gaps in time between witnesses.

12. Jury Selection:

    a. In most cases, the clerk will call and seat 40 prospective jurors. Initial questions will be directed toward these 40 jurors. Peremptory challenges are to be exercised only as to jurors 1 through 12. Jurors 13 through 40 will be substituted in for excused jurors in accordance with their numbers. At least two alternates will be selected.

    b. As a general rule, the Court will allow up to 25 minutes to each side to ask questions of the initial panel of jurors (40). Depending upon the complexity of the case or issues involved, more time may be provided upon request. In the event additional jurors beyond the original 40 are called, each attorney will be allotted additional time for voir dire. However, questions may be directed only to the newly called jurors.

    c. At the conclusion of questioning, the Court will call counsel to sidebar to make any challenges for cause.

    d. The purpose of voir dire is to elicit information from prospective jurors, not impart information to them. During voir dire, please do not argue your case or ask the jurors to promise you anything other than to follow the law as instructed by the court. Do not construct hypotheticals involving evidence you intend to produce at trial. Do not attempt to precondition jurors.

    e. (e.) During voir dire [and trial], do not provide any personal information about yourself, e.g., "When I was stationed in Vietnam . . .," "I said to my wife last night . . .," "My 12-year-old daughter said to me . . .," etc. Your case is not about the lawyers. A lawyer's attempt to ingratiate himself with a jury based on his/her personal, professional or other life circumstances and/or accomplishments is inappropriate.

13. Acceptable client advocacy never includes making misrepresentations of law or fact to the Court.

14. Follow the Golden Rule: Treat people, including opposing counsel, the way you, yourself, want to be treated.

_____

HON. GREGORY W. POLLACK

Judge of the Superior Court

**To see the Advance Trial Review Order for Department 71, <u>click here</u>**



## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2020-00039151-CU-CR-CTL       CASE TITLE: Langer vs Defenders Inc [IMAGED]

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:   330 West Broadway<br>MAILING ADDRESS:   330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME:   Central | |

| PLAINTIFF(S):   Chris Langer |
|---|

| DEFENDANT(S): Defenders Inc |
|---|

| SHORT TITLE:   LANGER VS DEFENDERS INC [IMAGED] |
|---|

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2020-00039151-CU-CR-CTL |
|---|---|

Judge: Gregory W Pollack                                                                 Department: C-71

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                     ☐ Non-binding private arbitration

☐ Mediation (private)                                    ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                        ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                     Date: _____

_____                            _____
Name of Plaintiff                                                      Name of Defendant

_____                            _____
Signature                                                               Signature

_____                            _____
Name of Plaintiff's Attorney                                        Name of Defendant's Attorney

_____                            _____
Signature                                                               Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  10/29/2020                                                     _____
                                                                                 JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)             **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**             Page: 1